**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLOBILL.COM, LLC,

    Plaintiff,

    v.

ADRIAN MATHAI, et al.,

    Defendants.
_____/

No. C 02-5020 PJH

**ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW AS COUNSEL**

The motion to withdraw filed by the law firm of Murphy, Pearson, Bradley & Feeney, counsel to third-party defendants Daniel and Kathleen Warren, came on for hearing on August 24, 2005 before this court. Vincent O'Gara appeared on behalf of the Murphy law firm, and the Warrens did not appear.[1] No other parties were present. The Murphy law firm stated in open court that they had diligently forwarded to the Warrens the court's July 24, 2005 order requiring the Warrens' appearance at the hearing, but that the Warrens had rebuffed all attempts to make contact. Additionally, Mr. O'Gara stated the basis for the request which had been omitted from the papers filed.

However, due to the Warrens' objection to the motion as stated in counsel's declaration and their failure to appear at the hearing, the motion to withdraw as counsel is DENIED, without prejudice to its renewal at the time of the filing of the supplemental case management statement on November 7, 2005. The court requires a statement by the Warrens as to their objection to their counsel's motion and as to whether they plan to substitute new counsel or appear pro se. The Murphy law firm shall diligently continue to

---

    [1] Pursuant to Civ. L.R. 7-13, this order may not be cited except as provided by Civ. L. R. 3-4(e).

1  attempt to contact the Warrens and inform them of this requirement.  Any subsequent motion
2  filed by the Murphy law firm must detail the attempts made to contact the Warrens and their
3  outcome.
4        The Warrens are cautioned that if they can provide no good reason for their failures to
5  respond or if they otherwise ignore this order, the court will proceed to grant the Murphy law
6  firm's motion to withdraw even in their absence.  In addition, the continued failure to appear or
7  respond to court orders may also warrant the imposition of their default in favor of the third-
8  party plaintiffs.
9        This order fully adjudicates the matter listed at no. 102 on the clerk's docket for this
10 case.
11 **IT IS SO ORDERED.**
12 Dated: August 23, 2005
13 _____
    PHYLLIS J. HAMILTON
    United States District Judge

2